IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON E. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-748-MAB |
| | ) |
| DENNIS LARSON and ROB JEFFREYS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Defendant Dennis Larson's affirmative defense that Plaintiff Byron Adams failed to exhaust his administrative remedies as to the issue of a special diabetic diet. The Court previously denied Defendant Larson's motion for summary judgment on the issue of exhaustion after concluding that an issue of fact existed, which could not be resolved without an evidentiary hearing (Doc. 87). At Defendant Larson's request, the Court held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) in order to resolve the contested issues of fact (Docs. 92, 96, 109). After careful consideration of the evidence, the Court finds that Defendant Larson has failed to carry his burden of proof on his affirmative defense of exhaustion and Plaintiff may proceed with his claims.

## BACKGROUND

Plaintiff alleged that when he transferred to Big Muddy Correctional Center in January 2020, Dr. Dennis Larson refused to continue his special diabetic diet and his

permits for two pillows and two mattresses that he was previously given due back pain and his recovery from bilateral cataract surgery (Doc. 1; Doc. 15). Following a threshold review of his complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment deliberate indifference claim against Dr. Dennis Larson and a related claim under the Americans with Disabilities Act and the Rehabilitation Act against IDOC Director Rob Jeffreys (Doc. 15).

Defendant Larson moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to the issue of a special diabetic diet (Doc. 63; *see also* Doc. 64). Defendant Jeffreys likewise moved for summary judgment, arguing that Plaintiff failed to exhaust as to the issue of a special diabetic diet, as well as the issue of double bedding (Doc. 68; *see also* Doc. 69). The Court denied both motions for summary judgment, finding that Plaintiff had exhausted his claim regarding double bedding while an issue of fact precluded summary judgment on his claim regarding the special diet (Doc. 87). At Defendant Larson's request, the Court held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) in order to resolve the contested issue of fact as to whether Plaintiff exhausted regarding the denial of a special diet (Docs. 92, 96, 109; *see also* Doc. 87, p. 9). Plaintiff was the only witness who testified at the hearing.

### Discussion

The Court previously found there were two grievances in the record in which Plaintiff grieved the denial of a special diet: a grievance dated April 26, 2020 (#75-4-20) and a grievance dated December 24, 2020 (#35-1-21) (Doc. 87, pp. 3–4). The April grievance went through the counselor and the grievance officer before ultimately being

denied by the warden (Doc. 87, p. 4; *see also* Doc. 64-2, pp. 83–86). The December grievance, which was deemed an emergency and processed on an expedited basis, was also denied by the warden (Doc. 87, p. 4; *see also* Doc. 71-1, pp. 39–42). Neither grievance appeared on the ARB log and there was no record of a response from the ARB (Doc. 87, p. 4; *see also* Doc. 64-3, pp. 9–11; Doc. 71, pp. 1–3).

Plaintiff, however, attested that he knew how to use and exhaust the grievance process, which should be evident from his extensive history of appeals to the ARB (Doc. 87, p. 3; *see also* Doc. 73 at pp. 10, 20–22; Doc. 74 at pp. 13–14, 24–25). He further attested that he appealed a grievance to the ARB regarding the denial of a special diet but officials must have tampered with it and removed it from the ARB log (Doc. 87, p. 3; Docs. 73 at pp. 20–22; Doc. 74 at pp. 24–25). He also claimed his copy of the grievance was removed from his legal box (Doc. 87, p. 3; Docs. 73 at pp. 20–22; Doc. 74 at pp. 24–25).

At the hearing, Plaintiff once again testified that he knew the grievance process and was well-aware that his claims had to be fully exhausted prior to filing suit or the suit would be dismissed. He was adamant that he submitted a grievance regarding the denial of a special diet to the ARB otherwise he would not have spent the money to file this lawsuit and bring a claim that he had not fully exhausted. Plaintiff was composed and resolute in his testimony, and his story has remained consistent throughout the course of this lawsuit. There were no apparent internal inconsistencies in his story, nor was his story inherently implausible. Defense counsel's questioning of Plaintiff at the *Pavey* hearing did not discredit, contradict, or cast doubt on Plaintiff's story in any way. Accordingly, the Court finds Plaintiff's story credible that appealed to the ARB but his

grievance went missing through no fault of his own. The administrative grievance process was thus rendered unavailable to Plaintiff and he is deemed to have exhausted his administrative remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

## CONCLUSION

Defendant Dennis Larson has failed to carry its burden of proof on the affirmative defense of exhaustion. Plaintiff is deemed to have exhausted his administrative remedies as to the issue of a special diabetic diet.

The matter of exhaustion of administrative remedies now being resolved (*see also* Doc. 87), the stay on merits discovery is **LIFTED.** The parties can proceed with discovery on the merits of Plaintiff's Eighth Amendment claim against Defendant Larson and Plaintiff's ADA/Rehab Act claim against Defendant Jeffreys. The Court will enter a new scheduling order that sets forth discovery and dispositive motion deadlines. The Court will also address Plaintiff's pending motion for a preliminary injunction (Doc. 89).

**IT IS SO ORDERED.**

**DATED: May 31, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**